**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| **TASHA L. SASSEVILLE,** )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>**SARTO ANTHONY SASSEVILLE,** )<br>)<br>DEFENDANT ) | **CIVIL NO. 09-556-P-H** |

**ORDER TO SCHEDULE HEARING**

I have reviewed the materials that the parties have submitted concerning the defendant's motions for summary judgment, to exclude testimony, and to vacate attachment.

From those materials, it appears that the plaintiff, born in 1978, had vague feelings that she had been molested as a child, but no specific recollections until she underwent therapy as an adult in 2008 at Mellody House in Wickenburg, Arizona, using Eye Movement Desensitization and Reprocessing (EMDR). As a result of that therapy, she now professes memories of a number of incidents of child sexual abuse perpetrated upon her by her father, the defendant. They are the basis for this lawsuit against him. The parties disagree over the admissibility of her testimony concerning her new-found or recovered memories, and over the admissibility of expert testimony suggesting that the EMDR technique is, or is not, likely to contaminate

memories. The parties have not cited any First Circuit cases that bear upon the proper way to proceed.

The Federal Rules of Evidence govern. See Diefenbach v. Sheridan Transp., 229 F.3d 27, 30 (1st Cir. 2000). In the absence of First Circuit precedent, but consulting what other federal circuits have done, I conclude that I should conduct a pre-trial hearing to determine whether the testimony, be it lay or expert, is admissible. See Borawick v. Shay, 68 F.3d 597, 608-09 (2d Cir. 1995); McQueen v. Garrison, 814 F.2d 951, 958 (4th Cir. 1987); Wicker v. McCotter, 783 F.2d 487, 492-93 (5th Cir. 1986)), Sprynczynatyk v. General Motors Corp., 771 F.2d 1112, 1122-23 (8th Cir. 1985). That admissibility determination must precede the questions of summary judgment and attachment.

Accordingly, the Clerk's office shall schedule a hearing for that purpose. Counsel shall notify the Court by October 18, 2010, whether the hearing is to be testimonial and the likely duration of such a hearing. If instead of or in addition to live testimony, they choose to rely on depositions and affidavits, I require that two weeks before the hearing, the entire depositions be provided, rather than the excerpts that currently are on the record.

**SO ORDERED.**

**DATED THIS 8TH DAY OF OCTOBER, 2010**

/s/ D. Brock Hornby  
**D. BROCK HORNBY**  
**UNITED STATES DISTRICT JUDGE**